# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASLAN RESIDENTIAL 1 LLC,<br><br>　　　　　　　　　Plaintiff,<br>　vs.<br><br>CRAIG LEWIS HAURI, Does 1 to 100, inclusive,<br><br>　　　　　　　　　Defendant. | CASE NO. 10cv2102-LAB (RBB)<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER; AND**<br><br>**ORDER TO SHOW CAUSE RE: REMAND** |

　　　　On October 8, 2010, Defendant Hauri filed a notice of removal of this unlawful detainer action from the Superior Court of California for the County of San Diego. Plaintiff Aslan Residential 1 apparently purchased Hauri's home in a foreclosure sale in April, 2010 and brought the unlawful detainer action to obtain possession of the house. Hauri then filed a motion for a temporary restraining order ("TRO").

　　　　The motion for TRO alleges "fraudulent and unlawful documents in foreclosure sale" and that "the foreclosure sale was not conducted with California non judicial [foreclosure] requirements." [*sic*] Other than these representations, the motion identifies no facts or arguments suggesting Hauri will prevail. Instead, the motion refers to facts "set forth in pleading in this matter" (apparently referring to the notice of removal) "or will be presented

/ / /

at the time of hearing or trial." The motion also argues the balance of hardships favors Hauri.

The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. *See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A party seeking injunctive relief under Fed. R. Civ. P. 65 must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 374 (2008). While Hauri has made some effort to show the other elements of this test are met, he has not shown any likelihood of success on the merits. In fact, it is unlikely this Court has jurisdiction in this matter and this action will have to be remanded. Although Aslan Residential has not yet responded, it is clear the TRO must be denied.

The Court is under an independent obligation to examine and confirm its own jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230–31 (1990). If jurisdiction is lacking, the Court must immediately remand the case. *Strasser v. KLM Royal Dutch Airlines*, 631 F. Supp. 1254, 1258 (C.D.Cal.1986).

The notice of removal makes reference to two theories under which removal would be proper. Under one theory, the Court has jurisdiction because Hauri has raised federal defenses to the unlawful detainer action. Although the complaint raises claims under state law only, the notice of removal refers to his due process and equal protection rights under the U.S. Constitution. Under the well-pleaded complaint rule, federal question jurisdiction exists only when the complaint is based on federal law; federal questions in defenses or counterclaims are insufficient. *Vaden v. Discover Bank*, 129 S.Ct. 1262, 1272, 1278 (2009).

Under the second theory, Hauri argues removal is proper under 28 U.S.C. § 1443(1), which provides for removal of certain civil rights actions. Under this provision, a civil action may be removed by a defendant "who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . ." But the phrase "any law providing for

. . . equal civil rights" refers to "any law providing for specific civil rights stated in terms of racial equality." *State of Ga. v. Rachel*, 384 U.S. 780, 792 (1966). It does not refer to general guarantees of rights for everyone, such as are found in the due process clause. *Id.* Hauri's belief that he may or will not be treated fairly in state court, or that state law makes his case hard to win does not support removal jurisdiction under this statute. *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 827–28 (1966). *See also Thorp Finance Corp. v. Lehrer*, 587 F. Supp. 533, 534 (E.D.Wis., 1984) (holding state court civil action for foreclosure was not removable under § 1443 even though defendants alleged denial of equal protection).

No other source of jurisdiction is apparent in the notice of removal or on the face of the complaint. Hauri is therefore **ORDERED TO SHOW CAUSE** why this action should not be remanded to the court from which it was removed. He may do so by filing and serving a memorandum of points and authorities no later than the close of business on October 27, 2010. The memorandum must not exceed five pages, not counting any attached or lodged material. If he fails to show cause within the time permitted, this action will be remanded.

The motion for TRO is **DENIED**.

**IT IS SO ORDERED**.

DATED: October 12, 2010

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge